1  J. DOMINIC CAMPODONICO (SBN 188035)
   MIGUEL SALDAÑA (SBN 299960)
2  GORDON REES SCULLY MANSUKHANI LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   dcampodonico@grsm.com
4  masaldana@grsm.com
   Telephone: (415) 986-5900
5  Facsimile: (415) 986-8054

6  Attorneys for Defendants
   L'ORÉAL USA S/D, INC.;
7  MATRIX ESSENTIALS, LLC; and
   ULTA SALON, COSMETICS & FRAGRANCE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -- OAKLAND DIVISION

| | |
|---|---|
| LINDA KUHN, | Case No. 4:19-CV-04021-HSG |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Removed July 12, 2019 from the Superior Court, County of San Francisco, Case No. CGC-19-575175 |
| L'ORÉAL USA S/D, INC.; MATRIX ESSENTIALS, INC.; ULTA BEAUTY INC.; and DOES 1 to 1000, | |
| Defendants. | |

Come now the parties, Plaintiff, Linda Kuhn ("Plaintiff" or "Kuhn"), by counsel, Defendants L'Oréal USA S/D, INC., Matrix Essentials, LLC, and Ulta Salon, Cosmetics & Fragrance, Inc. (collectively, "Defendants"), by counsel, and stipulate to the following Protective Order:

1. Defendants may designate as "CONFIDENTIAL" any document, material or information that Defendants consider to be a confidential trade secret, proprietary information or privileged information. Any document so designated will be subject to the provisions of this Stipulated Protective Order.

2. By designating any document, material or information as CONFIDENTIAL, Defendants represent that they have a good faith belief that the document, material or information is a confidential document that has not heretofore entered into the public domain or otherwise been made public.

3. A receiving party with a good-faith, litigation-driven belief that certain documents, material or information are not entitled to the protections set forth in this Order shall, within twenty-one (21) days of receiving such documents, material or information, identify to Defendants, in writing, the specific documents, material or information that the receiving party believes falls outside of the protections set forth in this Order. Within ten (10) days of receiving the written notice, Defendants shall provide a written rationale for the confidentiality designation of the specified documents, material or information to the receiving party. If the receiving party objects to the written rationale provided by Defendants within ten (10) days, the receiving party shall provide a written rationale for the removal of such documents, material or information from the protections set forth in this Order, and the parties shall meet and confer with respect to the receiving party's objection. If the parties are not able to agree, the receiving party shall notify Defendants, in writing that the receiving party is terminating the meet-and-confer process. Defendants shall acknowledge receipt of this notice in writing, and, within twenty-one (21) days of receiving the notice, move the Court for an order to preserve the confidential status of the document, material or information. The motion must be accompanied by a competent declaration that affirms Defendants have complied with the meet and confer requirements of this paragraph. Should

Defendants fail to file such motion to preserve the confidential status within twenty-one (21) days, the challenged document, material or information shall be deemed not protected.

4. The written notice described in Paragraph 3 shall not remove the identified document, material or information from the protections set forth in this Order. Until the parties resolve the dispute among themselves, or the Court resolves the dispute regarding whether the identified document, material or information is entitled to the protections set forth in this Order, the identified document, material or information shall retain the protections set forth in this Order.

5. No party waives any right to appeal any Order issued by the Court with respect to any document, material and information subject to this Stipulated Protective Order.

6. If any third party produces any document, material or information, whether subpoenaed or otherwise, that any party in good faith believes constitutes its confidential information, the party claiming confidentiality shall designate the document, material or information as such within twenty-one (21) days of receipt of information. Should any party to this litigation obtain any document, material or information from a third party, by subpoena or otherwise, which contain or can reasonably be assumed to contain confidential information of another party to this litigation, such document, material or information shall be treated by the receiving party as "Confidential" under this Order until they are produced to the other parties and for twenty-one (21) days thereafter, while all parties have an opportunity to review the document, material or information and determine whether it should be designated as "Confidential." Any third party may also designate any document, material or other information as "Confidential" and shall be entitled to all the protections of this Order.

7. In the event that at the time a document, material or information is produced the designation "Confidential" is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, material or information, Defendants may restrict future disclosure of the document, material or information consistent with this Order, by notifying the receiving party in writing of the "Confidential" designation. The notice shall include a description of the document, material or information.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

8. Should any document, material or information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind that person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform that person of all the provisions of this Order; (b) identify that person immediately to the party that designated the document, material or information as "Confidential"; and (c) request that person's signature on an acknowledgement that they have received and read this Order and agree to be bound by its terms. The acknowledgement required under this paragraph shall promptly be served upon the party that designated the document, material or information as "Confidential."

9. Testimony taken at a deposition, conference, hearing, or other proceeding may be designated as "Confidential" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing the proceeding to separately bind such portion of the transcript containing information designated as "Confidential" and to label such portion appropriately.

10. All information obtained from the documents, material or information produced by Defendants, shall be disclosed or revealed only to Plaintiff and her counsel of record in this case, secretarial employees under counsel's direct supervision, and to Defendants and their counsel of record in this case, secretarial employees under counsel's direct supervision, and Defendants' officers, directors, agents, employees, or other representatives, including in-house counsel and their assistants and paralegals. Further, all confidential documents, material and information designated hereunder may be disclosed to such persons employed by counsel to act as experts in this action, to third-party vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, retrieving data or designing programs for handling of data connected with this case, including the performance of such duties in relation to a computerized litigation support system, to the Court and court officials involved in this case (including court reporters or persons operating video equipment at depositions), and to third-party witnesses during a deposition or in preparation for a deposition or a witness interview, but only to the extent reasonably necessary to examine such witnesses at deposition, to prepare such witnesses for deposition, or to conduct a

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

witness interview. Prior to the disclosure of confidential documents, material or information and information to persons employed to act as experts in this action, third-party vendors, as described above, and third-party witnesses, as described above, counsel for Plaintiff or counsel Defendants, as the case may be, shall require such persons to execute a Nondisclosure Agreement in the form attached hereto as <u>Exhibit A</u>. Counsel providing access to material or information protected by the Stipulated Protective Order shall retain copies of the executed Nondisclosure Agreement. Any party seeking a copy of a Nondisclosure Agreement may make a demand, in writing, setting forth the reasons to which the opposing party will respond in writing. If the dispute cannot be resolved, the demanding party may move the Court for an order compelling production upon a showing of good cause. For testifying experts, a copy of the Nondisclosure Agreement executed by the testifying expert shall be furnished to counsel for the party who produced the material designated "Confidential" to which the expert has access, at the time of the expert's designation is served, or at the time the material is provided to the testifying expert, whichever is later.

11. Counsel for Plaintiff and counsel for Defendants shall use all documents, material and information produced or disclosed by Defendants, as the case may be, solely for purposes of this case. Under no circumstances shall documents, material or information covered by this Stipulated Protective Order be disclosed to anyone other than to such persons as described in Paragraph 10. All confidential documents, materials or information produced, copies of such confidential documents, material or information reproduced pursuant to this Stipulated Protective Order, and all notes arising from the examination of such confidential documents, material or information taken by whomever and in whatever form, shall be destroyed at the conclusion of this action. Counsel for Plaintiff and counsel for Defendants shall certify, by affidavit, compliance with the requirements of this paragraph within forty-five (45) days of the conclusion of the final proceedings of this action.

12. All portions of depositions, motion papers or any other pretrial written materials, that become necessary to file with the Court, that refer to the documents, materials or information protected by this Stipulated Protective Order shall be redacted from documents filed with the Court. To the extent that documents, materials or information protected by this Stipulated

Protective Order are material to issues under consideration in this case, the party seeking to file with the Court a document, material or information referencing or containing such documents, materials or information shall do so only with written permission from the party claiming confidentiality or under seal as confidential as set forth by Civil Local Rule 79-5. The documents, material and information subject to this Stipulated Protective Order shall not lose the protections afforded by this Stipulated Protective Order by its use at trial, and the treatment of trial transcripts, trial motions, briefs and other such written matter that refer to the confidential documents, material and information protected by this Stipulated Protective Order shall be determined by subsequent Order of this Court. Any pleading or other document disclosing documents, materials or information subject to this Stipulated Protective Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents shall be filed in a similar manner, sealed and subject to this Stipulated Protective Order.

13. Prior to the disclosure of confidential documents, material or information designated hereunder to any officer, director, agent, employee, or other representative of any party, including in-house counsel and their assistants, paralegals, and secretarial employees under counsel's direct supervision, counsel for Plaintiff and counsel Defendants shall inform such persons of the confidential nature of such information and shall obtain assurances from each recipient of such confidential documents, material or information that he or she will keep such confidential documents, material or information strictly confidential.

14. This Stipulated Protective Order shall not govern the use of confidential documents, material or information designated hereunder at trial. The parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated confidential at trial. To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for a decision by the Court.

15. The terms of this Stipulated Protective Order, *e.g.* all notice and objection time periods, shall remain in effect and govern the actions and documents, material and information of all parties, including those parties who may subsequently settle or otherwise be dismissed from

the action. If the confidential documents, material or information designated belong to a former party who is no longer a party to the action at the time of trial, the party seeking to use the confidential document, material or information shall provide the former party with written notice of their intent to remove the confidentiality designation at least twenty-one (21) days prior to trial.

16. Violation by any person of any term of this Stipulated Protective Order shall be punishable as a contempt of court. Notwithstanding the foregoing, neither this Stipulated Protective Order (or any part thereof) nor the parties' consent to this Stipulated Protective Order shall be construed to give rise to a separate claim or cause of action against the parties, their counsel or any employee of the parties' counsel.

17. This Stipulated Protective Order is subject to revocation and modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

**SO AGREED AND STIPULATED:**

Dated: December 23, 2019    GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ J. Dominic Campodonico*
J. Dominic Campodonico
Miguel A. Saldaña
Attorneys for Defendants L'ORÉAL USA S/D, INC., MATRIX ESSENTIALS, LLC, and ULTA SALON, COSMETICS & FRAGRANCE, INC.

Dated: December 23, 2019    LAW OFFICES OF STEVEN A. FABBRO

By: */s/ Steven A. Fabbro*
Steven A. Fabbro
Attorneys for Plaintiff LINDA KUHN

///

///

**ATTESTATION**

Concurrence in the filing of this document has been obtained from each of the individual(s) whose electronic signature is attributed above.

Dated:  December 23, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ J. Dominic Campodonico*
 J. Dominic Campodonico
 Miguel A. Saldaña
Attorneys for Defendants L'ORÉAL USA S/D, INC., MATRIX ESSENTIALS, LLC, and ULTA SALON, COSMETICS & FRAGRANCE, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 1/6/2020

*[signature]*
Hon. Haywood S. Gilliam, Jr.
United States District Court Judge

# EXHIBIT A
# NONDISCLOSURE AGREEMENT

The undersigned, having read the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Linda Kuhn v. L'Oréal USA S/D., Inc., et al.*, Case No. 4:19-CV-04021-HSG, and intending to be legally bound thereby, agrees as follows:

1. All confidential documents, materials and information disclosed to the undersigned pursuant to the Stipulated Protective Order shall be used only in connection with this action and shall not be used for any business or other purpose.

2. Such confidential documents, material and information shall be disclosed to and discussed only with parties to this suit, the parties' legal counsel, and other persons who have in accordance with the provisions of the Stipulated Protective Order executed a similar Nondisclosure Agreement. Neither such documents, material nor information acquired or extracted from same will be divulged or made accessible to any other person, new entity, governmental agency or other entity whatsoever, except in compliance with the Stipulated Protective Order and this Nondisclosure Agreement.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of such confidential documents, material or information.

4. The undersigned understands that by executing this Nondisclosure Agreement it subjects the undersigned to the jurisdiction of the court in which this matter is pending. The undersigned further agrees to comply with and to be bound by all the terms of the Stipulated Protective Order and understands and acknowledges that failure to so comply could expose the undersigned to sanctions and punishment in the nature of contempt.

5. The undersigned affirms that he/she is not employed by any competitor of Defendants L'Oréal USA S/D, INC., Matrix Essentials, LLC, and Ulta Salon, Cosmetics & Fragrance, Inc.

6. The undersigned further agrees that upon the final termination of this litigation or upon the termination of his/her employment, he/she shall return any such confidential documents,

material or information which may be in his/her possession or control (including all abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing such information) to the attorney from whom he/she received such documents and materials.

Dated this _____ day of _____, 20_____.

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1185633/49182730v.1