STEVEN A. FABBRO, ESQ. SBN 107973
LAW OFFICES OF STEVEN A. FABBRO
601 Montgomery Street, Suite 688
San Francisco, CA  94111
Telephone: (415) 391-6850
Facsimile: (415) 391-6856
E-mail: fabbrolaw2001@yahoo.com
Attorneys for Plaintiffs: LINDA KUHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KUHN, | Case Number: C 4:19-CV-04021-HSG |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO CONTINUE TRIAL AND TRIAL RELATED DEADLINES** |
| vs. | |
| L'OREAL USA S/D, INC., MATRIX ESSENTIALS, INC., ULTA BEAUTY, INC., and DOES 1 to 100, | |
| Defendants. | |

PLEASE TAKE NOTICE that Plaintiff Linda Kuhn ("Plaintiff") and Defendants

L'OREAL USA S/D, INC., MATRIX ESSENTIALS, LLC, and ULTA SALON, COSMETICS,

& FRAGRANCE, INC., ("Defendants") (collectively the "Parties") present this stipulation (the

"Stipulation") to continue the trial and trial related dates. This Stipulation is submitted pursuant

to Local Rule 7-1, Local Rule 7-12, and Local Rule 40-1. The Parties stipulate, pursuant to Local

Rule 7-12, as follows:

STIPULATION AND [PROPOSED] ORDER TO CONTINUE TRIAL AND TRIAL RELATED DEADLINES
C 4:19-CV-04021-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.      This action arises out of a complaint for personal injuries which alleges that Plaintiff Linda Kuhn suffered physical injuries when a certain container of Matrix Biolage Dry Shampoo (the "Product") and/or its contents and/or component parts exploded in an area adjacent to where she was standing and severely injured her foot.

2.      It is alleged that Plaintiff was visiting her daughter in San Francisco at the time of the injury. Plaintiff has since returned her home located in Cleveland, Ohio.

3.      It is further alleged that the Product was purchased by Plaintiff's daughter at Defendant Ulta Salon, Cosmetics, & Fragrance, Inc.'s San Francisco retail location.

4.      Defendant Ulta Salon, Cosmetics, & Fragrance, Inc. principal place of business is in State of Illinois.

5.      Defendants L'Oreal USA S/D, Inc. and Matrix Essentials, LLC's principal places of business are in the State of New York.

6.      Prior to this matter being removed to this Court pursuant to 28 U.S.C. § 1441(b), Defendants L'Oréal USA S/D, Inc. and Matrix Essentials, LLC propounded discovery in the form of Special Interrogatories, Form Interrogatories, Requests for Production of Documents, and a Request for Statement of Damages.  Plaintiff timely responded to this discovery thereafter.

7.      The parties have exchanged their respective Rule 26 Initial Disclosures. Plaintiff has propounded written discovery pursuant to Federal Rules of Civil Procedure Rules 26 and 34. The parties are engaged in meeting and conferring regarding Defendants' responses thereto.

8.      The parties submitted to the Court their Rule 26(f) Discovery Plan. Following a Case Management Conference, this Court issued its Scheduling Order assigning, inter alia, a close of fact discovery date of May 29, 2020 and Trial date of November 30, 2020. (Docket No. 37)

9.      The Parties have not had reasonable opportunity to complete discovery. The Parties have been diligently engaged in conducting discovery, including obtaining third party records via subpoenas, and have exchanged initial written discovery. However, the Parties still have further discovery to conduct in order to facilitate resolution of this case. The Parties intend

STIPULATION AND [PROPOSED] ORDER TO CONTINUE TRIAL AND TRIAL RELATED DEADLINES
C 4:19-CV-04021-HSG

to depose approximately fifteen (15) witnesses in this action and require additional time to coordinate the depositions of said various witnesses with the calendars of all counsel[1]. Several of these witnesses are believed to reside out of state in the States of Ohio, Illinois, and New York whom will need to be served with deposition subpoenas to compel their attendance.

10.    Additionally, due to national concerns regarding the spread of the COVID-19 Virus, counsel for the Parties anticipate that domestic air travel will be suspended and/or witnesses will not be amenable to attending any depositions until the concerns are alleviated. Counsel for the Parties also understand the courts nationwide are taking numerous preventive measures, including cessation of court proceedings. Due to these nationwide concerns, the Parties anticipate that there will be additional delays in conducting depositions. As noted herein, numerous witnesses are located in States of California, Ohio, Illinois, and New York. Counsel for the parties are located in San Francisco, CA, necessitating air travel for any depositions occurring in the States of Ohio, Illinois, and New York, and special social distancing precautions for those depositions occurring in the State of California.

11.    Mediation of the case was conducted on January 31, 2020. The case did not settle but the parties are hopeful that additional discovery may facilitate case resolution.

12.    The Parties would be prejudiced if the Court did not grant the relief requested in this Joint Motion. The Parties stipulate to the relief sought herein in good faith and not for the purpose of delay.

13.    The Federal District Courts have "wide discretion in controlling discovery." (Little v City of Seattle, 863 F.2d 681, 685 (9th Circ. 1988)).

14.    This Court has authority to continue trial pursuant to Local Rule 40-1, which provides as follows:

"No continuance of a scheduled trial date will be granted except by order of the Court issued in response to a motion made in accordance with the

---

[1] The majority of the issued subpoenas pertain to medical records. Additionally, many of the depositions will be of healthcare providers including hospital workers whose availability will likely be limited given increased hospital occupancy rates, even if the parties were to agree to conduct the depositions by video. The parties recognize that it will likely be more challenging to obtain these records and deposition dates in light of the COVID-19 virus.

provisions of Civil L.R. 7. Failure of a party to proceed with the trial on the scheduled trial date may result in the assessment of jury costs and the imposition of appropriate sanctions, including dismissal or entry of default. Jury costs may be assessed for failure to proceed with a scheduled trial or failure to provide the Court with timely notice of a settlement."

15.    The Parties stipulate, pursuant to Local Rule 7-12, to the following:

a.   To extend the close of fact discovery from May 29, 2020 to September 29, 2020;

b.   To extend the close of expert discovery from June 12, 2020 to October 16, 2020;

c.   To extend the deadline for hearing of dispositive motions from July 30, 2020 to December 3, 2020 at 2:00 p.m.;

d.   To continue the Pretrial Conference date from November 10, 2020 at 3:00 PM to March 9, 2021 at 3:00 PM;

e.   To extend the 5-Day Jury Trial date from November 30, 2020 to March 29, 2021 at 8:30 a.m.


Dated: April 24, 2020          LAW OFFICES OF STEVEN A. FABBRO



                               /s/ Steven A. Fabbro
                               STEVEN A. FABBRO, ESQ.
                               Counsel for Plaintiff Linda Kuhn



Dated: April 24, 2020          GORDON REES SCULLY MANSUKHANI, LLP


                               /s/ J. Dominic Campodonico
                               J. DOMINIC CAMPODONICO, ESQ.
                               Attorneys for Defendants L'ORÉAL USA S/D, INC.,
                               MATRIX ESSENTIALS, LLC, ULTA SALON, COSMETICS &
                               FRAGRANCE, INC.

STIPULATION AND [PROPOSED] ORDER TO CONTINUE TRIAL AND TRIAL RELATED DEADLINES
C 4:19-CV-04021-HSG

1

ORDER

2

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4

DATED:   4/27/2020

5

6

JUDGE OF THE U.S. DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO CONTINUE TRIAL AND TRIAL RELATED DEADLINES
C 4:19-CV-04021-HSG